SCHULTZ v. VON DER BORN et al.

(Supreme Court, Appellate Term. February 7, 1908.)

JUDGMENT—OPENING DEFAULT—DELAY—DISCRETION.

Motion to open a final order in favor of a landlord in proceedings against his tenant, made six years after such order, is too late, and the court's discretion in opening it is improperly exercised; the landlord, at the time of such order, having been 77 years old and of reasonably good health and clear mind, but his powers having thereafter become so impaired that he is unable to give any testimony.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 300–304.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Proceeding by Anton Schultz, landlord, against John Von Der Born, tenant, impleaded with others. From an order vacating a final order by which possession of the premises was awarded the landlord for default in payment of rent, the landlord appeals. Reversed.

See 97 N. Y. Supp. 738.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

George W. McAdam (Brainard Tolles, of counsel), for appellant.
Beatty & Burlingame (Robert C. Beatty, of counsel), for respondents.

PER CURIAM. Landlord by written lease leased to the tenant premises in the borough of Manhattan. On January 4, 1901, a petition charging default in the payment of rent for the months of November and December, 1900, and January, 1901, was served on the tenant. A final order was made as follows:

"The landlord appears on January 8, 1901, and demands rent, or possession of the premises within mentioned for nonpayment of rent. The tenant appears, and time consented to. Final order is therefore made this 8th day of January,

1901, in favor of said landlord, awarding to said landlord delivery of premises within described, by reason of tenant's nonpayment of said rent.

"Warrant issued January 14, 1901.          Herman Bolte, Justice."

Thereafter, and on November 24, 1903, the tenant commenced an action in the Supreme Court, county of Queens, against the landlord, and alleged in his complaint that in 1892, by written lease, he had become the lessee of the premises above referred to for the term of 21 years from May 1, 1892; that upon February 1, 1895, the lease was modified, the landlord agreeing to give plaintiff the privilege of purchasing the premises leased at any time before January 1, 1900, for $35,000; that between February 1, 1895, and January 1, 1900, the plaintiff had paid to defendant various sums, aggregating $10,000, which sums the landlord agreed to accept from the tenant on account of said purchase price, with the express understanding and upon the express agreement that, if tenant should not elect to make said purchase, then said sum should be returned to plaintiff with 6 per cent. interest, or be applied upon the rent under said lease; that the time to make the election to January 1, 1900, had expired, and that in the year 1900, and subsequently, tenant had demanded the return of said sum, or, in default thereof, that the same be applied upon the rent; and that landlord had refused either to return said sum or apply the same on the rent. The answer of the landlord in said action set up the proceedings in the Municipal Court above referred to as a former adjudication and bar.

The plaintiff had a verdict; but the judgment was reversed by the Appellate Division of the Second Department on the ground that the adjudication in the Municipal Court was conclusive evidence that plaintiff owed the defendant the rent alleged to be due in the petition, and that the defendant had the right to remove him for the nonpayment thereof, which could not be the case if the defendant landlord had then in his hands $10,000 to be applied on any rent due. Plaintiff, tenant, appealed to the Court of Appeals, giving stipulation for judgment absolute, and the decision of the Appellate Division was affirmed. After this decision, tenant, in June, 1907, made a motion to vacate the final order entered in the Municipal Court.

Affidavits show that the landlord was 77 years old in 1901, and was then of reasonably good health and clear mind; that since then his physical and mental powers have become so impaired that he is unable to give any testimony. Under these circumstances we think that the motion made in June, 1907, to open the default, if default it was, taken in January, 1901, comes too late; and we think that the learned justice improperly exercised his discretion in making the order appealed from.

The order appealed from should be reversed, with costs.